IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **E. GUY WEAKLAND,**<br><br>    **Plaintiff,**<br><br>  **vs.**<br><br>**UNIQUE REFINISHERS, INC.,**<br><br>    **Defendant.** | Civil Action No. _____<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff E. Guy Weakland, by and through his attorneys, herein asserts claims against Defendant Unique Refinishers, Inc. ("Refinishers"), showing the Court as follows:

**Introduction**

1.   In this Fair Labor Standards Act action, 29 U.S.C. § 201 *et seq*., Plaintiff Weakland seeks to recover unpaid overtime wages, liquidated damages, and costs of litigation from his former employers.

**Parties, Jurisdiction, and Venue**

2.   This Court has original jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because it arises under the Fair Labor Standards Act (29 U.S.C. § 201 *et seq*.), a federal statute.

3. Mr. Weakland is a natural person residing in Gwinnett County, Georgia.

4. Defendant Refinishers is a foreign limited liability company existing under the laws of the State of Michigan and registered to do business in Georgia.

5. Refinishers may be served with process through its registered agent, Ronald T. Kott, at 5171 Nelson Brodgon Blvd., Hwy, 20, Sugar Hill, Georgia 30518.

6. Refinishers is subject to the personal jurisdiction of this Court because it regularly conducts business and maintains offices in this District.

7. Venue properly lies in this district and division pursuant to 28 U.S.C. § 1391(b)–(c) because Defendant is subject to this Court's personal jurisdiction and because the actions complained of herein occurred in this district and division.

**Employment Relationship and FLSA Coverage**

8. Refinishers is the world's largest bathtub and tile repair and reglazing company.

9. Refinishers provides services to apartment complexes, hotels, universities, general contractors, and to individuals throughout the U.S.

10. Refinishers is the preferred vendor of slip-resistant bathtub treatments for all major hotels throughout the country.

11. Mr. Weakland worked for Refinishers as a "technician" out of its Sugar Hill, Georgia, offices from 2014 through the workweek ending April 25, 2019.

12. From three years prior to the filing of this action and continuing through the workweek ending on April 25, 2019 ("the Relevant Time Period"), Mr. Weakland's primary duties consisted of performed glazing and tile cleaning and restoration services for Refinishers' customers.

13. Throughout the Relevant Time Period, Refinishers did not compensate Mr. Weakland on a salary basis.

14. Throughout the Relevant Time Period, Refinishers purported to compensate Mr. Weakland on a commission-only basis.

15. On information and belief, the commission system that Refinishers represented to Mr. Weakland was not in fact used consistently in calculating Mr. Weakland's pay.

16. Throughout the Relevant Time Period, Weakland was not exempt from the Fair Labor Standards Act's maximum hour provisions (29 U.S.C. § 207).

17. Throughout the Relevant Time Period, Refinishers was Mr. Weakland's "employer" within the meaning of 29 U.S.C. § 203(d).

18. In 2016, Refinishers had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

19. In 2016, Refinishers had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20. In 2016, Refinishers was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

21. In 2017, Refinishers had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

22. In 2017, Refinishers had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23. In 2017, Refinishers was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

24. In 2018, Refinishers had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

25. In 2018, Refinishers had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26. In 2018, Refinishers was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

27. In 2019, Refinishers had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

28. In 2019, Refinishers had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29. In 2019, Refinishers was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

**Overtime Violation**

30. Throughout the Relevant Time Period, the Fair Labor Standards Act required Refinishers to compensate Mr. Weakland at one-and-one-half times his regular rate for all hours worked in excess of forty (40) in any given workweek.

31. Throughout the Relevant Time Period, Refinishers knew or should have known that Mr. Weakland was entitled to be compensated at one-and-one-half times his regular rate for all hours worked in excess of 40 hours per week.

32. Mr. Weakland worked for Refinishers in excess of 40 hours per week in approximately half of the workweeks in the Relevant Time Period.

33. Throughout the Relevant Time Period, Refinishers failed to compensate Mr. Weakland at the rate of one-and-one-half times his regular rate for all hours worked in excess of 40 hours per week.

34. Upon information and belief, Refinishers did not rely on any letter ruling from the U.S. Department of Labor in making its decision not to compensate Mr. Weakland at the required overtime rate.

35. Upon information and belief, Refinishers did not rely on any legal advice in making its decision not to compensate Mr. Weakland at the required overtime rate.

36. Refinishers' failure to compensate Mr. Weakland in accordance with the FLSA's maximum hour provisions was "willful" within the meaning of 29 U.S.C. § 255 because Refinishers either knew or acted with reckless disregard of whether their conduct was prohibited by the FLSA.

37. Refinishers' failure to compensate Mr. Weakland in accordance with the FLSA's maximum hour provisions was "willful" within the meaning of 29 U.S.C. § 255 because Refinishers did not adequately investigate its overtime obligations to Mr. Weakland.

38. Refinishers' failure to compensate Weakland in accordance with the FLSA's maximum hour provisions was not done in "good faith" within the meaning of 29 U.S.C. § 259.

39. Refinishers' failure to compensate Weakland in accordance with the FLSA's maximum hour provisions was not done in "good faith" within the meaning of 29 U.S.C. § 260.

### COUNT ONE – FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF 29 U.S.C. §§ 207 AND 215

40. Throughout the Relevant Time Period, Mr. Weakland worked in excess of 40 hours per week during numerous workweeks.

41. Refinishers was required to compensate Mr. Weakland at the rate of one-and-one-half times his regular hourly rate for all hours worked in excess of 40 hours in each workweek.

42. Refinishers failed to compensate Mr. Weakland at the required overtime rate for all hours worked in excess of 40 hours per week in each workweek.

43. Refinishers' failure to compensate Mr. Weakland at the required overtime rate for all hours worked over 40 hours per week is a violation of 29 U.S.C. § 207 and 215.

44. Mr. Weakland is entitled to receive his unpaid overtime wages, liquidated damages in an amount equal to his actual damages, prejudgment interest to the extent that liquidated damages are not awarded, nominal damages, and his costs of litigation, including his reasonable attorney's fees, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff Weakland requests that this Court:

(a) Grant a trial by jury as to all matters properly triable to a jury;

(b) Issue a judgment declaring that Plaintiff was covered by the FLSA and that Defendant failed to comply with the maximum hour requirements of the FLSA;

(c) Award Plaintiff proper payment for each overtime hour worked during the Relevant Time Period, and liquidated damages equaling 100% of the unpaid overtime wages due to Plaintiff;

(d) Award Plaintiff prejudgment interest on all amounts owed, to the extent that liquidated damages are not awarded;

(e) Award Plaintiff nominal damages;

(f) Award Plaintiff his costs of litigation and reasonable attorney's fees; and

(g) Award any and such other further relief this Court deems just, equitable, and proper.

This 5th day of June 2019,

Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

*/s/ Matthew W. Herrington*
Mitchell D. Benjamin
Ga. Bar No. 049888
Matthew W. Herrington
Ga. Bar No. 275411

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
benjamin@dcbflegal.com
matthew.herrington@dcbflegal.com

**Counsel for Plaintiff**