IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| E. GUY WEAKLAND and KYLE PARKHURST, *individually and on behalf of all others similarly situated,* | |
| Plaintiffs, | |
| vs. | Civil Action No. 1:19-cv-2581-ODE |
| UNIQUE REFINISHERS, INC., JOSEPH KOTT, and RONALD KOTT, | |
| Defendants. | Jury Trial Demanded |

## FIRST AMENDED AND SUBSTITUTED COMPLAINT

Plaintiffs E. Guy Weakland and Kyle Parkhurst, individually and on behalf of all others similarly situated who consent to their inclusion in this collective action, herein assert claims against Defendants Unique Refinishers, Inc. ("Refinishers"), Joseph Kott, and Ronald Kott, for due but unpaid overtime wages, showing the Court as follows:

**Introduction**

1.     In this Fair Labor Standards Act action, 29 U.S.C. § 201 *et seq.*, Plaintiffs Weakland and Parkhurst ("the Named Plaintiffs") seek to recover unpaid

overtime wages, liquidated damages, and costs of litigation from their former employers.

2.     The Named Plaintiffs allege that Defendants had a common policy of improperly treating employees in the position of "technician" as exempt from the Fair Labor Standards Act's maximum hour provisions and failing to compensate them at the rate of one-and-one-half times their regular hourly rate for each hour worked in excess of 40 hours in each workweek.

3.     The Named Plaintiffs also seek certification of a collective consisting of all similarly situated individuals, to wit: "All individuals employed by Unique Refinishers, Inc. as 'technicians' who have worked more than 40 hours in any workweek in the past three years and were not paid an overtime premium, and who consent in writing to their inclusion in a collective action" (hereinafter "the Proposed Class").

4.     The Named Plaintiffs have consented in writing to serve as class representatives in this action. See Exhibits A and B.

**Parties, Jurisdiction, and Venue**

5.     This Court has original jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because it arises under the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*), a federal statute.

6.      Mr. Weakland is a natural person residing in Gwinnett County, Georgia.

7.      Mr. Parkhurst is a natural person residing in Gwinnett County, Georgia.

8.      Defendant Refinishers is a foreign limited liability company existing under the laws of the State of Michigan and registered to do business in Georgia.

9.      Refinishers may be served with process through its registered agent, Ronald T. Kott, at 5171 Nelson Brodgon Blvd., Hwy, 20, Sugar Hill, Georgia 30518.

10.     Refinishers is subject to the personal jurisdiction of this Court because it regularly conducts business and maintains offices in this District.

11.     Defendant Joseph Kott is a natural person and may be served with process at his residence in Wayne County, Michigan.

12.     Joseph Kott is subject to the personal jurisdiction of this Court because he regularly transacts business within the State of Georgia on behalf of Refinishers, because he is one of the individuals personally responsible for the FLSA violations that are complained of in this action, and because he exercised control over the general terms of the Named Plaintiff's terms of employment in Georgia.

13.     Defendant Ronald Kott is a natural person and may be served with process at his residence in Forsyth County, Georgia.

14.     Ronald Kott is subject to the personal jurisdiction of this Court because he resides in this District.

15.     Venue properly lies in this district and division pursuant to 28 U.S.C. § 1391(b)–(c) because Defendants are subject to this Court's personal jurisdiction and because the actions complained of herein occurred in this district and division.

**Employment Relationship and FLSA Coverage**

16.     Refinishers is the world's largest bathtub and tile repair and reglazing company.

17.     Refinishers provides services to apartment complexes, hotels, universities, general contractors, and to individuals throughout the U.S.

18.     Refinishers is the preferred vendor of slip-resistant bathtub treatments for many major hotels throughout the country.

19.     Mr. Weakland worked for Refinishers as a "technician" out of its Sugar Hill, Georgia, offices from 2014 through the workweek ending April 25, 2019.

20.     Mr. Parkhurst worked for Refinishers as a "technician" out of its Sugar Hill, Georgia, offices from January 2014 through October 31, 2018.

21.     From three years prior to the filing of this action and continuing through the workweek ending on April 25, 2019, Mr. Weakland's primary duties consisted of performed glazing and tile cleaning and restoration services for Refinishers' customers.

22.     From three years prior to the filing of this First Amended and Substituted Complaint and continuing through the workweek ending on October 31, 2018, Mr. Parkhurst's primary duties consisted of performed glazing and tile cleaning and restoration services for Refinishers' customers.

23.     From three years prior to the filing of this First Amended and Substituted Complaint and continuing through the present, the primary duties of all Refinishers' technicians have consisted of performed glazing and tile cleaning and restoration services for Refinishers' customers.

24.     Throughout his employment, Refinishers did not compensate Mr. Weakland on a salary basis.

25.     Throughout his employment, Refinishers did not compensate Mr. Parkhurst on a salary basis.

26.     From three years prior to the filing of this First Amended complaint and continuing through the present, Refinishers did not compensate any technicians on a salary basis.

27.    Throughout his employment, Refinishers purported to compensate Mr. Weakland on a commission-only basis.

28.    Throughout his employment, Refinishers purported to compensate Mr. Parkhurst on a commission-only basis.

29.    The Named Plaintiffs were not, in fact, compensated on a bona fide commission basis.

30.    From three years prior to the filing of this First Amended and Substituted Complaint and continuing through the present, Refinishers did not compensate any technicians on a bona fide commission basis.

31.    Throughout his employment, Mr. Weakland was not exempt from the Fair Labor Standards Act's maximum hour provisions (29 U.S.C. § 207).

32.    Throughout his employment, Mr. Parkhurst was not exempt from the Fair Labor Standards Act's maximum hour provisions (29 U.S.C. § 207).

33.    From three years prior to the filing of this First Amended and Substituted Complaint and continuing through the present, no Refinishers technicians have been exempt from the Fair Labor Standards Act's maximum hour provisions (29 U.S.C. § 207).

34.    Throughout his employment, Refinishers was Mr. Weakland's "employer" within the meaning of 29 U.S.C. § 203(d).

35.     Throughout his employment, Refinishers was Mr. Parkhurst's "employer" within the meaning of 29 U.S.C. § 203(d).

36.     From three years prior to the filing of this First Amended and Substituted Complaint and continuing through the present, Refinishers was the "employer" of all Refinishers technicians within the meaning of 29 U.S.C. § 203(d).

37.     In 2016, Refinishers had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A), including but not limited to trucks, GPS equipment, hand tools, paint strippers, cleaning supplies, air compressors, and computer equipment.

38.     In 2016, Refinishers had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

39.     In 2016, Refinishers was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

40.     In 2017, Refinishers had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for

commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A) , including but not limited to trucks, GPS equipment, hand tools, paint strippers, cleaning supplies, air compressors, and computer equipment.

41.     In 2017, Refinishers had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

42.     In 2017, Refinishers was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

43.     In 2018, Refinishers had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A) , including but not limited to trucks, GPS equipment, hand tools, paint strippers, cleaning supplies, air compressors, and computer equipment.

44.     In 2018, Refinishers had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

45.     In 2018, Refinishers was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

46.     In 2019, Refinishers had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A) , including but not limited to trucks, GPS equipment, hand tools, paint strippers, cleaning supplies, air compressors, and computer equipment.

47.     In 2019, Refinishers had or will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

48.     In 2019, Refinishers was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

**Individual Employers**

49.     At all relevant times, Defendant Joseph Kott was a corporate officer of Refinishers.

50.     At all relevant times, Joseph Kott was involved in the day-to-day operation of Refinishers.

51.     At all relevant times, Joseph Kott exercised authority over the terms and conditions under which Refinishers employed and compensated technicians, including the Named Plaintiffs.

52.     At all relevant times, Joseph Kott was the Named Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

53.     At all relevant times, Joseph Kott has been an "employer" of each member of the Proposed Class within the meaning of the FLSA, 29 U.S.C. § 203(d).

54.     At all relevant times, Defendant Ronald Kott was a corporate officer of Refinishers.

55.     At all relevant times, Ronald Kott was involved in the day-to-day operation of Refinishers.

56.     At all relevant times, Ronald Kott exercised authority over the terms and conditions under which Refinishers employed and compensated technicians, including the Named Plaintiffs.

57.     At all relevant times, Ronald Kott was the Named Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

58.     At all relevant times, Ronald Kott has been an "employer" of each member of the Proposed Class within the meaning of the FLSA, 29 U.S.C. § 203(d).

**Overtime Violation**

59.     From three years prior to the filing of this First Amended and Substituted Complaint and continuing through the present ("the Relevant Time Period"), the Fair Labor Standards Act required Refinishers to compensate technicians at one-and-one-half times his regular rate for all hours worked in excess of forty (40) in any given workweek.

60.     Throughout the Relevant Time Period, Refinishers knew or should have known that technicians were entitled to be compensated at one-and-one-half times their regular rate for all hours worked in excess of 40 hours per week.

61.     Mr. Weakland worked in excess of 40 hours per week in approximately half of the workweeks throughout his employment by Refinishers.

62.     Mr. Parkhurst worked in excess of 40 hours per week in a large majority of the workweeks throughout his employment by Refinishers.

63.     Upon information and belief, all Refinishers' technicians have worked in excess of 40 hours per week in a significant number of workweeks during the Relevant Time Period.

64.     Throughout his employment, Refinishers failed to compensate Mr. Weakland at the rate of one-and-one-half times his regular rate for all hours worked in excess of 40 hours per week.

65.     Throughout his employment Period, Refinishers failed to compensate Mr. Parkhurst at the rate of one-and-one-half times his regular rate for all hours worked in excess of 40 hours per week.

66.     Throughout the Relevant Time Period, Refinishers failed to compensate all technicians at the rate of one-and-one-half times their regular rate for all hours worked in excess of 40 hours per week.

67.     Upon information and belief, Refinishers did not rely on any letter ruling from the U.S. Department of Labor in making its decision not to compensate technicians at the required overtime rate.

68.     Upon information and belief, Refinishers did not rely on any legal advice in making its decision not to compensate technicians at the required overtime rate.

69.     Refinishers' failure to compensate technicians in accordance with the FLSA's maximum hour provisions was "willful" within the meaning of 29 U.S.C. § 255 because Refinishers either knew or acted with reckless disregard of whether their conduct was prohibited by the FLSA.

70.     Refinishers' failure to compensate technicians in accordance with the FLSA's maximum hour provisions was "willful" within the meaning of 29 U.S.C. § 255 because Refinishers did not adequately investigate its overtime obligations to the technicians.

71.     Refinishers' failure to compensate technicians in accordance with the FLSA's maximum hour provisions was not done in "good faith" within the meaning of 29 U.S.C. § 259.

72.     Refinishers' failure to compensate technicians in accordance with the FLSA's maximum hour provisions was not done in "good faith" within the meaning of 29 U.S.C. § 260.

## COUNT ONE – FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF 29 U.S.C. §§ 207 AND 215

73.     Throughout the Relevant Time Period, the Named Plaintiffs worked for Defendants in excess of 40 hours per week during numerous workweeks.

74.     Defendants were required to compensate the Named Plaintiffs at the rate of one-and-one-half times their regular hourly rate for all hours worked in excess of 40 hours in each workweek.

75.     Defendants failed to compensate the Named Plaintiffs at the required overtime rate for all hours worked in excess of 40 hours per week in each workweek.

76.     Defendants' failure to compensate the Named Plaintiffs at the required overtime rate for all hours worked over 40 hours per week is a violation of 29 U.S.C. § 207 and 215.

77.     The Named Plaintiffs are entitled to receive their unpaid overtime wages, liquidated damages in an amount equal to their actual damages, prejudgment interest to the extent that liquidated damages are not awarded, nominal damages, and their costs of litigation, including their reasonable attorney's fees, pursuant to 29 U.S.C. § 216(b).

### COUNT TWO – REQUEST TO CERTIFY COLLECTIVE ACTION

78.     Throughout the Relevant Time Period, Defendants have violated 29 U.S.C. § 207 by failing to compensate all members of the Proposed Class at one-and-one-half times their regular hourly rates for each hour worked in excess of 40 hours in each workweek.

79.     Throughout the Relevant Time Period, Defendants have violated 29 U.S.C. § 207 in the same manner as alleged above with respect to the Named Plaintiffs.

80.     The Named Plaintiffs are similarly situated to the members of the Proposed Class due to Defendants' common policy of compensating all technicians

at their regular rates rather than at one-and-one-half times their regular hourly rates for all hours worked in excess of 40 hours in each workweek.

81.     The members of the Proposed Class are, therefore, entitled to payment of the overtime premium for all hours worked in excess of 40 hours in each seven-day workweek, an equal amount in liquidated damages, and their reasonable attorney's fees and costs in accordance with  29 U.S.C. § 216(b).

82.     All members of the Proposed Class would benefit from the issuance of a Court-supervised Notice of  Lawsuit and opportunity to consent in writing to their inclusion as plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

83.     All members of the Proposed Class are readily identifiable, and can be located through the records of Defendants.

**WHEREFORE**, the Named Plaintiffs request that this Court:

(a)     Grant a trial by jury as to all matters properly triable to a jury;

(b)     Certify the Proposed Class and permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216(b) for those employees, past or present, who opt to participate by filing proper written notice with the Court;

(c)     Issue a Notice of Present Lawsuit to all individuals similarly situated to the Named Plaintiffs, allowing all such similarly-situated individuals to file their written consent to join this action;

(d)     Issue a judgment declaring that the Named Plaintiffs and all members of the Proposed Class were covered by the FLSA and that Defendants failed to comply with the maximum hour requirements of the FLSA;

(e)     Award the Named Plaintiffs and all members of the Proposed Class proper payment for each overtime hour worked during the Relevant Time Period, and liquidated damages equaling 100% of the unpaid overtime wages;

(f)     Award the Named Plaintiffs and all members of the Proposed Class prejudgment interest on all amounts owed, to the extent that liquidated damages are not awarded;

(g)     Award the Named Plaintiffs and all members of the Proposed Class nominal damages;

(h)     Award the Named Plaintiffs and all members of the Proposed Class their costs of litigation and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b); and

(i)     Award any and such other further relief this Court deems just, equitable,

        and proper.

This 13th day of June 2019,

Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN, LLC**

3100 Centennial Tower                   _/s/ Matthew W. Herrington_
101 Marietta Street                     Mitchell D. Benjamin
Atlanta, Georgia 30303                  Ga. Bar No. 049888
(404) 979-3150                          Matthew W. Herrington
(404) 979-3170 (f)                      Ga. Bar No. 275411
benjamin@dcbflegal.com
matthew.herrington@dcbflegal.com        **Counsel for Plaintiffs**

Exhibit A

## CONSENT TO SERVE AS A PLAINTIFF REPRESENTATIVE
## UNDER THE FAIR LABOR STANDARDS ACT

I, *E. Guy Weakland*, a current or former employee of *Unique Refinishers, Inc.*, consent to serve as a Plaintiff and Class Representative in an action[1] against *Unique Refinishers, Inc.* and related entities and individuals to vindicate rights afforded me and other employees under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.,* and to fairly represent the interests of all class members with respect to all cognizable claims for overtime compensation and any other benefits available under the Fair Labor Standards Act and other applicable laws, in accordance with the Fee Agreement executed by the undersigned for such purpose.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 13 day of June 2019.

_____
E. Guy Weakland

---

[1] In the event that this case is dismissed without prejudice, my claim is dismissed without prejudice or any class in this case is decertified, I consent to serve as a Plaintiff, Class Representative and/or Opt-In Plaintiff in any subsequent action brought against any and/or all Defendants and any other defendants to recover under the FLSA as part of collective action or individually. I reserve the right to revoke this Consent in part or in its entirety upon written notice to my Attorneys or the Court.

Exhibit B

## CONSENT TO SERVE AS A PLAINTIFF REPRESENTATIVE
## UNDER THE FAIR LABOR STANDARDS ACT

I, **Kyle Parkhurst**, a current or former employee of **Unique Refinishers, Inc.**, consent to serve as a Plaintiff and Class Representative in an action[1] against **Unique Refinishers, Inc.** and related entities and individuals to vindicate rights afforded me and other employees under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.,* and to fairly represent the interests of all class members with respect to all cognizable claims for overtime compensation and any other benefits available under the Fair Labor Standards Act and other applicable laws, in accordance with the Fee Agreement executed by the undersigned for such purpose.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This ___11th___ day of June 2019.

_____
Kyle Parkhurst

---

[1] In the event that this case is dismissed without prejudice, my claim is dismissed without prejudice or any class in this case is decertified, I consent to serve as a Plaintiff, Class Representative and/or Opt-In Plaintiff in any subsequent action brought against any and/or all Defendants and any other defendants to recover under the FLSA as part of collective action or individually. I reserve the right to revoke this Consent in part or in its entirety upon written notice to my Attorneys or the Court.