IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| E. GUY WEAKLAND and KYLE PARKHURST, *individually and on behalf of all others similarly situated*, <br><br> **Plaintiffs,** <br><br> **vs.** <br><br> UNIQUE REFINISHERS, INC., JOSEPH KOTT, and RONALD KOTT, <br><br> **Defendants.** | Civil Action No. 1:19-cv-2581-MHC |

---

### JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

---

Plaintiffs E. Guy Weakland and Kyle Parkhurst, together with Defendants Unique Refinishers, Inc., Joseph Kott, and Ronald Kott, by and through the undersigned counsel and pursuant to LR 16.2 NDGa, submit their Joint Preliminary Report and Discovery Plan, showing the Court as follows:

**1. DESCRIPTION OF CASE:**

**(a) Describe briefly the nature of this action.**

(1) *Plaintiffs' description of the case:*

In this Fair Labor Standards Act action, 29 U.S.C. 201 *et seq*., Plaintiffs seek to recover due but unpaid overtime wages from Defendants, on their own behalf and on behalf of other similarly situated employees.

(2) *Defendants' description of the case:*

Plaintiffs purport to bring a collective action on behalf of themselves and all those allegedly similarly situated for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") for work allegedly done in excess of forty hours per week and for which they allegedly were not compensated at time and one half. Plaintiffs seek to certify a collective action of current and former employees of Unique Refinishers, Inc. who worked as technicians during the previous three years.

Defendants deny all allegations of liability and specifically deny that plaintiffs are entitled to any relief whatsoever from defendants as defendants properly classified plaintiffs as exempt employees under the FLSA, among other things. Defendants also deny any allegation or claim by plaintiffs that this action can be appropriately maintained as a collective action under FLSA Section 216(b), or that others identified by plaintiffs as members of a purported collective are similarly situated to plaintiffs.

**(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**(1)    *Plaintiffs' Factual Contentions:***

Defendants own and operate Unique Refinishers, the world's largest bathtub and tile repair and reglazing company. Refinishers provides services to apartment complexes, hotels, universities, general contractors, and to individuals throughout

the U.S. Refinishers is the preferred vendor of slip-resistant bathtub treatments for many major hotels throughout the country. Named Plaintiff Weakland worked for Refinishers as a "technician" from 2014 through the workweek ending April 25, 2019. Named Plaintiff Parkhurst worked for Refinishers as a "technician" from January 2014 through October 31, 2018. As "technicians," the Named Plaintiffs' primary job duties consisted of performed glazing and tile cleaning and restoration services for Refinishers' customers.

The Named Plaintiffs allege that Defendants had a common policy of improperly treating employees in the position of "technician" as exempt from the Fair Labor Standards Act's maximum hour provisions and failing to compensate them at the rate of one-and-one-half times their regular hourly rate for each hour worked in excess of 40 hours in each workweek. The Named Plaintiffs seek certification of a collective consisting of all similarly situated individuals who consent in writing to their inclusion in a collective action" (hereinafter "the Proposed Class").

### (2)   *Defendants' Factual Contentions:*

Defendant Unique Refinishers is a bathtub and tile reglazing company that services both residential and commercial customers. The plaintiffs worked for Unique Refinishers as "technicians," travelling to properties to complete reglazing jobs.  Unique Refinishers paid plaintiffs a commission which equaled a fixed percentage of gross profit for each job that plaintiffs completed, regardless of how

long it took plaintiffs to complete each job. Unique Refinishers is a "retail or service establishment" under the FLSA, the plaintiffs' regular rate of pay exceeded one and one-half times the minimum wage for each hour of overtime worked, and more than half of the plaintiffs' total earnings consisted of commissions. Defendants therefore contend that plaintiffs were exempt under the FLSA.

To the extent that plaintiffs were not exempt under the FLSA, plaintiffs either did not work in excess of 40 hours in any workweeks during the last three years, any overtime that plaintiffs worked was *de minimis*, or defendants did not know or reasonably know of such overtime work.

Finally, Plaintiffs are not similarly situated to each other and are not similarly situated to any other current or former technicians.

**(c)** **The legal issues to be tried are as follows:**

**Plaintiffs believe the following issues are for trial:**

1.  Whether Refinishers is a covered enterprise under the FLSA;

2.  Whether the Individual Defendants are "employers" within the meaning of the FSLA;

3.  Whether Plaintiffs were exempt from the FLSA's maximum hour requirements;

4.  Whether Defendants' violations of the FLSA, if any, were done in "good faith" within the meaning of 29 U.S.C. 259 or 260;

5.    Whether Defendants' violations of the FLSA, if any, were "willful" within the meaning of 29 U.S.C. 255.

**Defendants believe the following issues are for trial:**

1.    Whether plaintiffs and each putative opt-in plaintiff can carry their burden of proving that they worked more than 40 hours in any relevant workweek and, if so, whether defendants failed to properly pay plaintiffs and each putative opt-in plaintiff for hours worked in excess of 40 at a rate of time and one-half their regular rate of pay;

2.    Whether plaintiffs and each putative opt-in plaintiff can carry their burden of proving that defendants had actual or constructive knowledge of the purported instances that they allegedly performed overtime work for which they were not properly compensated;

3.    Whether any violation of FLSA overtime requirements was *de minimis*;

4.    Whether plaintiffs or any putative opt-in plaintiffs are equitably estopped from bringing claims for unpaid overtime pay where such work was performed against the defendants' policies and without defendants' knowledge;

5.    Whether this action can properly be maintained as a collective action under the FLSA and, in this regard, whether plaintiffs and the putative collective they seek to represent are "similarly situated," and whether the individualized inquiries necessary to determine the nature of each putative

collective action member's relationship with each defendant, and the individualized inquiries necessary for plaintiffs to prove damages on a collective-wide basis, preclude certification of an FLSA collective;

6.  Whether plaintiffs and each putative opt-in plaintiff can carry their burden of proving that any alleged violations of the FLSA by defendants were willful with respect to each of them;

7.  If defendants violated the provisions of the FLSA with respect to plaintiffs or any putative opt-in plaintiff, whether they acted in good faith and had reasonable grounds for believing that their acts or omissions with respect to each plaintiff and putative opt-in plaintiff were not in violation of the FLSA such that plaintiffs and any putative opt-in plaintiffs are not entitled to liquidated damages for any proven violation;

8.  Liability and the applicability of the defenses asserted in defendants' Answer to the plaintiffs' claims or the claims of putative collective action plaintiffs;

9.  Whether any plaintiffs and/or putative collective action plaintiffs were exempt from the overtime requirements of the FLSA;

10. If violations of the FLSA are found, which types of relief and damage amounts, if any, are appropriate and whether defendants are entitled to any setoffs against such damages; and

11.   The extent to which plaintiffs or any putative opt-in plaintiffs are entitled
      to attorneys' fees and costs, if they are the prevailing party.

Defendants reserve the right to present additional legal issues to the Court as
necessitated by discovery and the progress of this case.

**(d)   The cases listed below (include both style and action number) are:**

Pending Related Cases: <u>None</u>

Previously Adjudicated Related Cases: <u>None</u>

**2.   THIS CASE IS COMPLEX BECAUSE IT POSSESSES ONE (1) OR MORE OF THE
FEATURES LISTED BELOW (PLEASE CHECK):**

| | | |
|---|---|---|
| x | (1) | Unusually large number of parties. |
|   | (2) | Unusually large number of claims or defenses. |
|   | (3) | Factual issues are exceptionally complex. |
|   | (4) | Greater than normal volume of evidence. |
| x | (5) | Extended discovery period is needed |
|   | (6) | Problems locating or preserving evidence. |
|   | (7) | Pending parallel investigations or action by government. |
|   | (8) | Multiple use of experts. |



(9)    Need for discovery outside United Stated boundaries.

(10)    Existence of highly technical issues and proof.

(11)    Unusually complex discovery of electronically stored information.

**3.    COUNSEL:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

Plaintiffs:

> **DELONG CALDWELL BRIDGERS**
> **FITZPATRICK & BENJAMIN, LLC**
>
> Mitchell D. Benjamin
> Matthew W. Herrington
> 3100 Centennial Tower
> 101 Marietta Street
> Atlanta, GA 30303
> (404) 979-3150 Telephone
> (770) 859-0754 Facsimile
> benjamin@dcbflegal.com
> matthew.herrington@dcbflegal.com

Defendants:

> **CRUSER, MITCHELL, NOVITZ,**
> **SANCHEZ, GASTON & ZIMET, LLP**
>
> William T. Mitchell
> Georgia Bar No. 513810
> Sean Keenan
> Georgia Bar No. 523871
> Eric M. Schultz

Georgia Bar No. 452742

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
Tel: 404-881-2622
Facsimile: 404-881-2630
bmitchell@cmlawfirm.com
skeenan@cmlawfirm.com
eschultz@cmlawfirm.com

**4.   JURISDICTION:**

Is there any question regarding this court's jurisdiction?

_____  Yes          _x__  No

If "yes" please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.  PARTIES TO THIS ACTION:**

(a)  The following persons are necessary parties who have not been joined:

None known at this time.

(b)  The following persons are improperly joined as parties:

Plaintiffs: None.

> <u>Defendants: Joseph Kott is improperly joined as a defendant to this action because he was not plaintiffs' "employer" within the meaning of the FLSA.</u>

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: <u>None</u>.

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

## 6. AMENDMENTS TO THE PLEADINGS:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary: <u>None known at this time.</u>

(b) (b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7. FILING TIMES FOR MOTIONS:

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A (2).

    (a)    Motions to Compel: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

    (b)    Summary Judgment Motions: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

    (c)    Other Limited Motions: Refer to Local Rules 7.2; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

    (d)    Motions Objecting to Expert Testimony: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

## 8.   INITIAL DISCLOSURES

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

The Parties do not object to serving Initial Disclosures.

Plaintiffs' statement:

Plaintiffs requests a modification to Rule 26(a)(1)(A)(iii)'s requirement regarding initial disclosures of the damages amounts claimed by Plaintiffs, rather than just the method of calculating damages, because (i) Defendants were required by 29 U.S.C. §211(c) to keep accurate records of the hours worked by and payments to Plaintiffs and those similarly situated each week, and (ii) unless and until Plaintiffs are able to review all relevant time and pay records, which are in Defendants' possession and which will assist Plaintiffs in accurately estimating their damages. *See, e.g., Youngclaus v. Aarene Contracting, LLC and Gary Mills*, No. 1:14-CV-1723-RWS (N.D. Ga. Sep. 3, 2014) (permitting plaintiff to provide the figures to be used in his damages calculations within 30 days of receiving defendants' written discovery responses); *Brackett v. Aarene Contracting, LLC and Gary Mills*, No. 1:13-cv-1461-AT (N.D. Ga. Jun. 13, 2013) (amending initial disclosure obligations and allowing plaintiffs 30 days from date of defendant's responses to plaintiffs' first request for production of documents within which to provide damages figures); *Stone v. Innovative Product Achievements, LLC*, No. 1:12-cv-01640-MHS [Doc. 16] (N.D. Ga., July 12, 2012) (amending initial disclosure obligations and allowing plaintiffs 30 days from date of defendant's responses to plaintiffs' first request for production of documents within which to provide damages figures); *see also Connolly v. Smugglers' Notch Mgmt. Co.*, No. No. 2:09–CV–131, 2009 WL 3734123 *3 (D. Vt. Nov. 5, 2009) ("[I]t is

unreasonable to expect a plaintiff to allege with specificity much beyond the pleadings here as she has not yet been able to conduct discovery. Few employees could possibly remember the exact overtime hours they worked over a period of years without being able to engage in discovery."); *Acho v. Cort*, No. C 09–00157, 2009 WL 3562472, *3 (N.D. Cal. Oct. 27, 2009) ("It cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records."); *Cf., Luna v. Del Monte Fresh Produce (Southeast), Inc.*, No. 1:06-cv-2000-JEC, 2007 WL 1500269 (N.D. Ga., May 18, 2007) (denying defendant's motion to compel because plaintiffs were permitted to wait until defendant/employer provided payroll information "resulting in a corresponding delay in plaintiffs' ability to provide a precise computation of damages.").

Plaintiffs request that the Court modify Rule 26(a)'s damages calculation requirement as follows: "Plaintiffs shall be required to disclose the method of calculation of all damages with their initial disclosures, and Plaintiffs shall be required to provide the figures to be used in those calculations (i.e., the unpaid overtime claimed, the compensation to be included in the regular rate, and the calculation of damages based on the regular rate) within thirty (30) days of Defendants' complete production of relevant documents in response to Plaintiffs' first request for production of documents."

**9.     REQUEST FOR SCHEDULING CONFERENCE**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The Parties request a scheduling conference to address the issue of whether Defendants should be permitted to depose all opt-in plaintiffs without seeking leave of the court after taking the first 10 depositions.

**Plaintiffs contend** that the issue should not be decided until after the opt-in period, when it is clear how many opt-in plaintiffs there will be. At that time, the Court will be in a better position to determine whether representative testimony is appropriate and will have a move developed factual record on which to base its discretion in determining how many depositions are appropriate.

**Defendants contend** that given the unique factual issues pertaining to each individual opt-in plaintiff, particularly as related to the duties, number of hours worked and compensation therefore, defendants should, at a minimum, have the option to take the depositions of each individual opt-in plaintiff, regardless of the total number of opt-in plaintiffs.

**10.     DISCOVERY PERIOD**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.1A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Plaintiff anticipates that discovery will be necessary as to the following topics:

- Plaintiffs' job duties and the job duties of other "technicians" employed by Defendants;

- Plaintiffs' compensation and the compensation of other "technicians" employed by Defendants;

- Plaintiffs' hours worked and the hours worked by other "technicians" employed by Defendants;

- The method(s) by which Defendants calculated Plaintiffs' compensation and the compensation of other "technicians" employed by Defendants;

- Defendants' general business activities;

- The identities of Defendants' customers and the terms and conditions of Refinishers' business relationship with the same;

- Refinishers' annual gross revenues since 2015;

- The Individual Defendants' job duties and role in the operation of Refinishers;

- The factual basis of Defendants' contention that any violations of the FLSA, if any, were done in "good faith";

- Defendants' efforts to investigate and comply with the requirements of the FLSA with respect to technicians;

- Defendants' knowledge of the requirements of the FLSA;

- Whether the opt-in plaintiffs are "similarly situated" to the Named Plaintiffs for the purposes of collective treatment under Section 16(b) of the FLSA.

Defendants anticipate that discovery will be necessary as to the following topics:

The allegations and defenses raised in the pleadings; whether one or more of the defenses asserted by the defendants bar in whole or in part plaintiffs' and/or opt-in plaintiffs' recovery; the amount of damages owed, if any, to plaintiffs, opt-in plaintiffs and putative collective action members and mitigation.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**<u>The Parties request an extended discovery period beyond the default four-month discovery track as well as a modified briefing schedule in this putative FLSA collective action.</u>** <u>The Parties propose the following discovery and briefing schedule:</u>

- <u>Four months of discovery on collective certification issues, ending on January 31, 2020.</u>
- <u>Plaintiffs' motion for conditional collective certification to be filed no later than February 28, 2020.</u>
- <u>Should conditional certification be granted, a second four-month discovery period on the issues of liability and damages shall commence 14 days following the end of the notice and opt-in period.</u>
- <u>The Parties will file a joint motion for a scheduling order within 14 days of the end of the second discovery period to set the deadlines for any decertification motion or motion for summary judgment.</u>

11.   **DISCOVERY LIMITATIONS:**

(a)   What changes should be made in the limitations on discovery under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

<u>All discovery requests, responses, and other materials—including document production—shall be served by electronic mail.</u>

The Parties understand and agree that written discovery requests may be served on each opt-in plaintiff as with any named plaintiff.

The Parties agree that Defendants serve any subpoena directed to a current or former employer of any Plaintiff or opt-in plaintiff on Plaintiffs' counsel at least 48 hours prior to service upon any employer, and that if within 48 hours any Plaintiffs or opt-in plaintiffs provide a written objection thereto, Defendants will not serve the proposed subpoena until the Parties have resolved their objections in writing or until the Court has ruled upon any objections thereto, so long as the objection is made in good faith and with a reasonable belief that the subpoena should be limited or not served.

(b)     Is any party seeking discovery of electronically stored information?

_____X_____ Yes     _____ No

If "yes,"

(1)     The parties have discussed the sources and scope of the production of electronically store information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

See Entry under (2).

(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable

Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

Electronic mail and any other form of digital file may be produced in either native (e.g., .pst, .xcl., .mdb, .doc) or static (e.g., .pdf) format. If either party thereafter requests that specified document(s) be produced in native format or that any Metadata be produced, the parties may discuss the same and attempt to reach an agreement. If advanced search methodologies become necessary, the parties agree to confer in attempt to reach agreement regarding the method of culling voluminous materials. The parties agree to cooperate in the development of a list of such terms that will then be run against potentially relevant data sets to determine whether, or to what extent, the terms return a large number of "false hits." If the producing party claims that production of ESI would be an "undue burden," the producing party shall raise the issue with the party seeking production as soon as possible and describe with adequate detail the factual basis of the undue burden objection. If the Parties cannot reach agreement, they shall jointly seek guidance from the Court.

## 12.   OTHER ORDERS:

What other orders do the parties think that the Court should enter under Rule 26(e) or under Rule 16(b) or (c)?

The Parties request that the Court enter the proposed Confidentiality Order filed contemporaneously with this Joint Preliminary report and Discovery Plan.

**13.   SETTLEMENT POTENTIAL:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on <u>September 9, 2019,</u> and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiffs: Lead counsel (signature): <u>*s/ Matthew W. Herrington*</u>

Other participants:

For Defendants: <u>*s/Sean Keenan*</u>

Other participants: Eric M. Schultz

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(____)   A possibility of settlement before discovery.

( X )   A possibility of settlement after discovery.

(____)   A possibility of settlement, but a conference with the judge is needed.

(____)   No possibility of settlement.

(c)      Counsel (_____X_____) do or (_____) do not intend to hold
additional settlement conferences among themselves prior to the close of
discovery. The proposed date of the next settlement conference is not yet
determined.

(d)      The following specific problems have created a hindrance to settlement
of this case.

   *None*.

**14. TRIAL BY MAGISTRATE JUDGE:**

   Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise
entitled to a jury trial.

(a)      The parties (____) do consent to having this case tried before a magistrate
judge of this court.  A completed Consent to Jurisdiction by a United States
Magistrate Judge form has been submitted to the clerk of this court this _____
day of _____ 2019.

(b)      The parties (_X_) do not consent to having this case tried before a
magistrate judge of this court.

Respectfully submitted this 27th day of September 2019.

**DELONG, CALDWELL, BRIDGERS,**            **CRUSER, MITCHELL, NOVITZ,**
**FITZPATRICK & BENJAMIN, LLC**            **SANCHEZ, GASTON & ZIMET, LLP**

*s/ Matthew W. Herrington*                 *s/ Sean Keenan*

Mitchell D. Benjamin
Ga. Bar No. 049888
Matthew W. Herrington
Georgia Bar No. 275411

3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (facsimile)
benjamin@dcbflegal.com
matthew.herrington@dcbflegal.com

Counsel for Plaintiffs

William T. Mitchell
Georgia Bar No. 513810
Sean Keenan
Georgia Bar No. 523871
Eric M. Schultz
Georgia Bar No. 452742

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
Tel: 404-881-2622
Facsimile: 404-881-2630
bmitchell@cmlawfirm.com
skeenan@cmlawfirm.com
eschultz@cmlawfirm.com

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **E. GUY WEAKLAND and KYLE PARKHURST,** *individually and on behalf of all others similarly situated*, <br><br> **Plaintiffs,** <br><br> **vs.** <br><br> **UNIQUE REFINISHERS, INC., JOSEPH KOTT, and RONALD KOTT,** <br><br> **Defendants.** | Civil Action No. 1:19-cv-2581-MHC |

---

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed foregoing document with the Clerk via the Court's CM/ECF system, thereby ensuring electronic service upon all counsel of record.

Dated: September 27, 2019

/s/ Matthew W. Herrington
Matthew W. Herrington
Georgia Bar No. 275411